UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TAMMY COLLINS<br>4513 Erie Avenue<br>Cincinnati, OH 45227<br><br>*on behalf of herself and all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>GREATER CINCINNATI BEHAVIORAL<br>HEALTH SERVICES<br>c/o Jeff O'Neil<br>1501 Madison Road<br>Cincinnati, OH 45206<br><br>    Defendant. | Case No.<br><br>Judge:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now come Plaintiff, Tammy Collins, by and through counsel, and for her Complaint against Defendant, Greater Cincinnati Behavioral Health Services, hereby states and alleges as follows:

**INTRODUCTION**

1. Plaintiff, on behalf of herself and all similarly situated individuals, bring this action against Defendant as a collective action pursuant to 29 U.S.C. §216(b) seeking appropriate monetary and declaratory relief based on Defendant's misclassification of them as "exempt" employees and for Defendant's willful failure to pay them overtime compensation at the rate of one and one-half their regular rate of pay for all the hours they worked over 40 each workweek in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff also brings this action as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio R.C. § 4111, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

3. The Court has personal jurisdiction over Defendant because its headquarters and principal place of business is in Ohio.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims as to form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered in this District and Division, and all or a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

6. At all material times, Plaintiff was and is a citizen of the United States and a resident of Hamilton County, Ohio.

7. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and Ohio R.C. § 4111.03(D)(3).

8. At all material times, Plaintiff was an employee an employer covered by the enterprise coverage provisions of the FLSA, 29 U.S.C. §§ 203(s) and 207(a)(l), and an employee of a covered employer under Ohio R.C. § 4111.03.

9. At all material times, Defendant is and was a corporation for non-profit headquartered in Hamilton County, Ohio, with its principal place of business located at: 1501 Madison Road, Cincinnati, Ohio 45206.

10. At all material times, Defendant was and is an employer within the meaning of 29 U.S.C. § 203(d) and Ohio R.C. § 4111.03(D)(2).

11. At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r), and has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

12. Plaintiff's written consent to this action is attached hereto as Exhibit A.

13. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendant, a provider of behavioral health services to persons with chronic illnesses or disabilities, employs Case Managers, which it has also referred to as "Care Managers".

15. From approximately October 2012 to November 2022, Plaintiff was employed by Defendant as a Case Manager.

16. Other similarly situated individuals were employed by Defendant as Case Manager.

17. At all material times, Plaintiff and the other Case Managers employed by Defendant were paid a salary wage.

18. Plaintiff and the other Case Managers employed by Defendant regularly worked more than 40 hours per workweek.

19. During the three (3) years immediately preceding the filing of this Complaint, Defendant required its Case Managers, including Plaintiff, to work more than 40 hours per workweek and did not compensate them at a rate of one and one-half times their regular rate of pay (and in fact, did not compensate them at all (at any rate)) for the hours they worked in excess of 40 per workweek.

20. Plaintiff estimates that she worked, on average, approximately 50 to 60 hours each workweek throughout the time she was employed with Defendant as a Case Manager during the three (3) years immediately preceding the filing of this Complaint.

**(Misclassification as Exempt/Failure to Pay Overtime Compensation)**

21. While employed by Defendant, Plaintiff and other similarly situated Case Managers were misclassified as exempt from the overtime provisions of the FLSA and the OMFWSA.

22. Upon information and belief, Defendant misclassified Case Managers as exempt pursuant to the FLSA's professional exemption.

23. None of the bona fide exemptions applied to the work Plaintiff and other Case Managers performed during their employment with Defendant.

24. Plaintiff's and other similarly situated Case Managers' primary duties were transporting persons with chronic illnesses or disabilities ("Defendant's clients") to and from their homes, the hospital, group homes, Defendant's offices, medical appointments, court hearings, personal appointments, community agencies, and food banks.

25. Plaintiff and other similarly situated Case Managers' primary duties did not involve work that required advanced or specialized knowledge.

26. Plaintiff and other similarly situated Case Managers did not perform work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

27. Plaintiff and other similarly situated Case Managers did not perform work for Defendant that was predominantly intellectual in character or required the consistent exercise of discretion and judgment.

4

28. Plaintiff and other similarly situated Case Managers did not perform work for Defendant that required a degree or any specialized training in social work or any other field of science or learning.

29. Defendant did not require Case Managers to have a master's or bachelor's degree, nor did it require Case Managers to have a license, certification, or training in social work or any other field of science or learning.

30. Defendant did not require Case Managers to have experience in social services or behavioral health.

31. Defendant required only a high school diploma or the equivalent for the Case Manager position.

32. Moreover, Plaintiff and other Case Managers did not engage in management, did not direct the work of any employees, and did not have the authority, and were not involved in decisions to hire, fire, or promote other employees.

33. Further, Plaintiff and other Case Managers did not perform work directly related to the management or general business operations of Defendant, and did not exercise discretion or independent judgment with respect to matters of significance. Instead, Plaintiff and other Case Managers were required to follow strict policies implemented by Defendant and had no discretion to deviate from those policies.

34. The duties of Plaintiff and other Case Managers consisted of the following:

   a. Driving to and from Defendant's clients' homes and to and from the hospital;

   b. Driving Defendant's clients to and from their group homes;

   c. Driving Defendant's clients to and from community agencies, food banks, and food kitchens;

    d.    Driving Defendant's clients to and from court hearings, Defendant's offices, medical appointments, and other personal appointments;

    e.    Waiting outside for Defendant's clients to finish appointments;

    f.    Communicating or attempting to communicate with pharmacies and medical offices to schedule, confirm, and receive information about Defendant's clients;

    g.    Communicating or attempting to communicate with Defendant's clients to discuss, schedule, or otherwise coordinate appointments, home visits, and medication pickups;

    h.    Emailing and otherwise communicating with co-workers to coordinate transportation, medication drop-offs, and other scheduling issues related to Defendant's clients;

    i.    Calling shelters, social security offices, and relatives of Defendant's clients; and

    j.    Completing notes, billing, and other documentation, typically from home in the evening after scheduled work hours.

35. During the three (3) years immediately preceding the filing of this Complaint, Plaintiff and other Case Managers were required by Defendant to work more than 40 hours per workweek but Defendant did not compensate them for the hours they worked in excess of 40 per workweek (overtime hours) as mandated by the FLSA and the OMFWSA.

36. Plaintiff estimates that, on average, she worked approximately 50 to 60 hours per workweek throughout her employment with Defendant as a Case Manager.

37. Defendant suffered and permitted Plaintiff and other similarly situated Case Managers to work all such unpaid overtime hours.

38. As a result of Defendant's failure to compensate them for the overtime hours they worked, Plaintiff and other similarly situated Case Managers are entitled to overtime pay at a rate of one and one-half times their regular rate of pay for all the hours they worked in excess of 40 per workweek.

**(Defendant Willfully Violated the FLSA)**

39. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and OMFWSA.

40. Defendant knew and otherwise showed reckless disregard as to whether its conduct was prohibited by the FLSA.

41. Defendant knew Plaintiff and other Case Managers were working more than 40 hours per workweek, and knew that, and otherwise showed reckless disregard as to whether it was misclassifying Plaintiff and other Case Managers as exempt and failing to pay them overtime compensation as mandated by law.

42. Defendant had no reasonable basis for believing that it was complying with the FLSA.

**(Failure to Keep Accurate Records)**

43. Defendant failed to make, keep. and preserve records of the unpaid work performed by Plaintiff and other similarly situated employees in violation of the FLSA and OMFWSA.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

44. Plaintiff brings Count One pursuant to 29 U.S.C. § 216(b) on her own behalf and on behalf of all and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

45. The group of individuals Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All current and former Case Managers, including Care Managers, employed by Greater Cincinnati Behavioral Health Services at any time between three (3) years prior to the filing of this suit and the

present who are not bound by an agreement to arbitrate or release of the claims asserted in this case ("FLSA Class").

46. Plaintiff is unable, at this time, to state the exact size of the potential FLSA Class, but upon information and belief, it consists of more than 100 persons.

47. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiff, numerous current and former Case Managers are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

48. Plaintiff is similarly situated to all former and current Case Managers described in the above class as she and the FLSA Class held the same positions, had the same primary job duties and/or responsibilities, were misclassified as "exempt" employees, were not paid overtime compensation for the hours they worked over 40 in a workweek, and were subjected to the same pay practices, policies, and procedures.

49. Plaintiff has first-hand knowledge that other similarly situated current and former Case Managers of Defendant held the same position, had the same primary job duties and/or responsibilities, were paid under the same pay system, were misclassified as "exempt" employees, were not paid overtime compensation for the hours they worked over 40 in a workweek, and were subjected to the same pay practices, policies, and procedures. Plaintiff requests that this Court authorize notice to be circulated to all similarly situated persons informing them of this action and their right to opt-in under 29 U.S.C. § 216(b).

50. The similarly situated current and former Case Managers are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily

8

be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

51. Although the exact amount of damages may vary among the similarly situated employees in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

## OHIO CLASS ACTION ALLEGATIONS

52. Plaintiff brings Count Two on behalf of herself and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, all other members of the class defined as follows:

> All current and former full-time Case Managers, including Care Managers, employed by Greater Cincinnati Behavioral Health Services in the state of Ohio at any time between September 13, 2021 and the present who are not bound by an agreement to arbitrate or release of the claims asserted in this case ("Ohio Class").

53. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, the class consists of more than 50 persons.

54. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

    a. whether Defendant misclassified Case Managers as exempt from overtime;

    b. whether Defendant failed to pay overtime compensation to its Case Managers for hours worked in excess of 40 each workweek; and

    c. what amount of monetary relief will compensate Plaintiff and other members of the Ohio Class for Defendant's violations of the OMFWSA.

55. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendant's liability to the Ohio Class, listed above, are common to the classes as a whole and predominate over any questions affecting only individual class members.

56.     The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same course of conduct by Defendant and are based on the same legal theories as the claims of the other Ohio Class members. Plaintiff and the Ohio Class have been uncompensated and/or under-compensated as a result of Defendant's common procedures, policies, and practices, which failed to comply with Ohio law. Plaintiff and all members of the Ohio Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

57.     The named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

58.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

59.     A class action presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive

supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Ohio Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Ohio Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identity of members of the Ohio Class is readily identifiable from Defendant's records.

60. This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; and (2) the burden is on Defendant to prove it properly compensated its employees, including whether any potential exemptions might apply. Ultimately, a class action is a superior form to resolve the Ohio claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the Ohio Class Members per applicable Ohio laws.

## COUNT ONE

**(Violations of the Fair Labor Standards Act)**

61. Plaintiff incorporates the preceding paragraphs as though fully rewritten herein.

62. This count is brought pursuant to 29 U.S.C. § 216(b).

63. Defendant's practice and policy of failing to pay Plaintiff and other similarly situated Case Managers overtime compensation at the rate of one and one-half their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

64. During all relevant times, Defendant unilaterally imposed on Plaintiff and other Case Managers conditions under which they did not receive compensation for overtime hours worked, willfully violating the FLSA and the applicable regulations of the Department of Labor,

11

depriving Plaintiff of the rights, protection, and entitlement granted to them under this federal statute and the pertinent regulations.

65. By the acts and conduct described above, Defendant has violated and is in violation of 29 U.S.C. §207(a)(l).

66. Defendant's failure to keep accurate records of the hours Plaintiff and other similarly situated Case Managers worked each workday and workweek violated the FLSA, 29 C.F.R. § 516.2(a)(7).

67. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

68. As a result of Defendant's violations of the FLSA and the applicable regulations of the U.S. Department of Labor, there have become due and owing to the Plaintiff amounts of overtime compensation under the FLSA.

69. Defendant has intentionally failed to pay Plaintiff and other similarly situated employees' required overtime compensation for hours worked in excess of 40 per workweek.

70. Defendant's conduct in failing to pay required overtime compensation was willful and/or in reckless disregard of the rights of Plaintiff and those similarly situated.

71. Defendant is liable to Plaintiff and those similarly situated for unpaid overtime compensation in an amount to be determined at trial and all other damages, costs and attorney's fees provided by the FLSA.

## **COUNT TWO**

**(Violation of Ohio Minimum Fair Wage Standards Act)**

72. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

73. This count arises from Defendant's violation of the OMFWSA, Ohio R.C.§ 4111, *et seq.*, for its failure to pay Plaintiff and the Ohio Class their earned overtime wages.

74. Defendant's failure to pay Plaintiff and similarly situated employees for all hours worked violated the overtime provisions of the OMFWSA, Ohio R.C.§ 4111.03.

75. Defendant's practice and policy of failing to pay Plaintiff and other similarly situated Case Managers overtime compensation at the rate of one and one-half their regular rate of pay for all of the hours they worked over 40 each workweek violated the OMFWSA, Ohio R.C.§ 4111.03.

76. By failing to pay Plaintiff and other similarly situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

77. Defendant's failure to comply with Ohio overtime protections caused Plaintiff to suffer loss of wages and interest thereon.

78. Defendant is liable to Plaintiff and those similarly situated for unpaid overtime compensation in an amount to be determined at trial and all other costs and attorney's fees provided by the OMFWSA.

**PRAYER FOR RELIEF**

79. WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

  a. Issue an order permitting this litigation to proceed as a collective action;

  b. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

  c. Issue an order certifying the Ohio Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

13

    d.    Award Plaintiff and the classes she represents actual damages for unpaid wages;

    e.    Award Plaintiff and the classes she represents statutory liquidated damages;

    f.    Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

    g.    Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

    h.    Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

## JURY DEMAND

80. Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury as to all claims and issues so triable.

    Respectfully submitted,

    /s/ *Matthew S. Grimsley*
    Matthew S. Grimsley (0092942)
    Anthony J. Lazzaro (0077962)
    Lori M. Griffin (0085241)
    The Lazzaro Law Firm, LLC
    34555 Chagrin Boulevard, Suite 250
    Moreland Hills, Ohio 44022
    Telephone: 216-696-5000
    Facsimile: 216-696-7005
    matthew@lazzarolawfirm.com
    anthony@lazzarolawfirm.com
    lori@lazzarolawfirm.com

    Michael L. Fradin
    8 N. Court St. Suite 403
    Athens, Ohio 45701
    Telephone: 847-986-5889
    Facsimile: 847-673-1228
    mike@fradinlaw.com

    *Attorneys for Plaintiff*