IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| TAMMY COLLINS, on behalf of herself and all others similarly situated, | Case No. 1:23-cv-578 |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | |
| GREATER CINCINNATI BEHAVIORAL HEALTH SERVICES, | |
| Defendant. | |

### ORDER GRANTING DEFENDANT'S MOTION TO STRIKE (Doc. 5)

This matter is before the Court on Defendant's Motion to Strike Rule 23 Allegations (Doc. 5). Plaintiff filed a Response in Opposition (Doc. 8), to which Defendant filed a Reply in Support (Doc. 9). Plaintiff also filed a Notice of Supplemental Authority (Doc. 10), to which Defendant filed a Response (Doc. 11). Thus, this matter is ripe for the Court's review. For the reasons below, Defendant's Motion to Strike Rule 23 Allegations (Doc. 5) is **GRANTED**.

### ALLEGED FACTS

Plaintiff Tammy Collins is a former employee of Defendant Greater Cincinnati Behavioral Health Services. (Compl., Doc. 1, ¶ 15.) While employed by Defendant, Plaintiff regularly worked over 40 hours. (*Id.* at ¶¶ 18-20, 36.) Though Plaintiff was entitled to receive overtime compensation, Defendant improperly identified Plaintiff as exempt from receiving such payment. (*Id.* at ¶¶ 21-42.) Resultantly, Defendant failed to

properly compensate Plaintiff for those hours she worked in excess of 40. (*Id.*)

Plaintiff brings claims against Defendant for violating the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standard Act ("OMFWSA"), individually and on behalf of all other similarly situated employees. (Compl., Doc. 1, ¶¶ 44-78.) Plaintiff brings allegations relating to an "opt-in" collective action against Defendant for violating the FLSA and a Federal Rule 23 "opt-out" class action against Defendant for violating the OMFWSA's overtime provision. (*Id.* at ¶¶ 44-78.)

Defendant now moves to strike Plaintiff's Federal Rule 23 class allegations relating to Plaintiff's OMFWSA claim. (Motion to Strike, Doc. 5.)

## LAW & ANALYSIS

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Whether to strike portions of a pleading is within a court's discretion. *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999). Motions to strike are considered a "drastic remedy" and therefore "generally viewed with disfavor and rarely granted." *Id.* "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 821 (6th Cir. 1953).

Generally, "courts should exercise caution when striking class action allegations based solely on the pleadings, because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Geary v. Green Tree Servicing, LLC*, No. 2:14-cv-522, 2015 WL 1286347, at

*16 (S.D. Ohio Mar. 20, 2015) (quotation omitted). But, "Rule 23(c)(1)(A) says that the district court should decide whether to certify a class '[a]t an early practicable time' in the litigation, and nothing in the rules says that the court must await a motion by the plaintiffs." *Pilgrim v. Universal Health Care, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (citing Fed. R. Civ. P. 23(c)(1)(A)). When discovery and factual development would not "alter [a] central defect in [the] class claim," a court may appropriately strike class allegations based on a defendant's motion. *Id.*

Defendant moves to strike Plaintiff's Federal Rule 23 class allegations brought in relation to Plaintiff's OMFWSA overtime claim. (Motion to Strike, Doc. 5.) Defendant maintains that these allegations are immaterial and impertinent because a Federal Rule 23 class is prohibited under the OMFWSA. (*Id.* at Pg. ID 42-44.) In response, Plaintiff maintains that Federal Rule 23 is procedural and therefore overrides any prohibition by Ohio law. (Response in Opp., Doc. 8.) So, to determine whether a strike is appropriate, the Court must consider the proper procedure under the OMFWSA.

## I. Applicable Procedure under the OMFWSA

The OMFWSA states that "an employer who pays an employee less than wages to which the employee is entitled . . . is liable to the employee affected for the full amount of the overtime wage rate." Ohio Rev. Code § 4111.10(A). Recently, the Ohio Legislature amended this portion of the OMFWSA with the following language:

> No employee shall join as a party plaintiff in any civil action that is brought under this section by an employee, person acting on behalf of an employee, or person acting on behalf of all similarly situated employees unless that employee **first gives written consent** to become such a party plaintiff and that consent is filed with the court in which the action is brought.

3

Ohio Rev. Code § 4111.10(C) (emphasis added). This language parallels the FLSA's collective action procedural language, which requires similarly situated employees to "opt-in" to FLSA lawsuits through written consent. *See* 29 U.S.C. § 216(b). An "opt-in" collective action—like the type required by § 4111.10(C)—is "fundamentally different" from a Federal Rule 23 "opt-out" class action. *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1007-09 (6th Cir. 2023) (citations omitted).

The question here, then, is whether Plaintiff can proceed with a Federal Rule 23 "opt-in" class action under the OMFWSA's overtime provision or if § 4111.10(C)'s "opt-out" collective action procedure must apply.

"It is a long-recognized principle that federal courts sitting in diversity apply state substantive law and federal procedural law." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quotation omitted) (Stevens, J., concurring); *Albright v. Christensen*, 24 F.4th 1039, 1044 (6th Cir. 2022) (finding Justice Stevens's concurrence controlling). "But not every federal rule of practice or procedure [] will displace state law." *Shady Grove*, 559 U.S. at 418. To determine whether Federal Rule 23 displaces § 4111.10(C), the Court must engage in a two-step inquiry. *Id.* at 398. The Court must first determine whether Federal Rule 23 conflicts with § 4111.10(C). *Id.* If a direct conflict exists, Federal Rule 23 governs "unless it exceeds statutory authorization or Congress's rulemaking power." *Id.*

Looking to step one, Federal Rule 23 conflicts with § 4111.10(C). Federal Rule 23 allows a plaintiff to pursue a claim as a class action, so long as the rule's criteria are met.

4

*See Shady Grove*, 559 U.S. at 339-40 (Stevens, J., concurring). In contrast, § 4111.10(C) requires that a similarly situated employee first file written consent before joining a suit brought under the OMFWSA's overtime provision. *See* Ohio Rev. Code § 4111.10(C). Thus, there is direct collision between Federal Rule 23 and § 4111.10(C). *See Hine v. OhioHealth Corp.*, No. 2:22-cv-3969, 2023 WL 5599666, at *3 (S.D. Ohio June 30, 2023) (finding the same).

As conflict exists, Federal Rule 23 governs unless it exceeds statutory authority, as established in the Rules Enabling Act ("REA"), or Congress's rulemaking power. *Shady Grove*, 559 U.S. at 398 (Stevens, J., concurring). "Federal Rule 23 does not exceed Congress's rulemaking power under the Constitution." *Hine*, 2023 WL 5599, at *4 (citing *Shady Grove*, 559 U.S. at 417-18 (Stevens, J., concurring)). So, the question is whether Federal Rule 23 exceeds Congress's statutory authority under the REA when applied against § 4111.10(C). *Id.*

A federal rule of civil procedure violates the REA if its application "effectively abridges, enlarges, or modifies a state-created right or remedy." *Shady Grove*, 559 U.S. at 422 (Stevens, J., concurring). In some cases, a state procedural rule may be a part of a state's "framework of substantive rights or remedies" to warrant REA protection. *Id.* To determine whether a state procedural rule is a part of a state's "framework of substantive rights or remedies," courts consider (1) whether the state procedural rule exists in the general code or in substantive law, (2) how broadly the state procedural rule is applied, and (3) the state procedural rule's legislative history. *Id.* at 417-36; *Hine*, 2023 WL 5599666, at *4-7.

5

This is not the first time the Court has considered this issue. In fact, this Court has previously determined that § 4111.10(C) is a part of Ohio's "framework of substantive rights" to warrant REA protection. *See Hine*, 2023 WL 5599666, at *4-7. The *Hine* Court found that §4111.10(C) "define[d] the scope of remedies available for the substantive rights" of the OMFWSA's overtime provision. *Id.* at *6. In reaching this conclusion, the Court considered the fact that the provision is (1) located within the text of the OMFWSA, specifically in the liability and actions for payment portion of the statute, and (2) limited in its application to only civil actions brought under the OMFWSA's overtime provision. *Id.* Based on the foregoing, § 4111.10(C) is "so bound up in the rights or remedies of [Ohio's] overtime liability scheme that it is substantive for [REA] purposes." *Id.* Because § 4111.10(C) fit within Ohio's "framework of substantive rights," the *Hine* Court found that Federal Rule 23 violated the REA when applied against § 4111.10(C). *Id.*

Plaintiff asks that this Court decline to follow *Hine* for several reasons. (Response in Opp., Doc. 8, Pg. ID 60-66.) First, Plaintiff maintains that the *Hine* Court disregarded the legislative history of § 4111.10(C). (*Id.* at Pg. ID 60-61.) In *Shady Grove*, Justice Stevens discussed the legislative history of the relevant state procedural rule at length to determine whether the state legislature intended the rule to fit within the state's "framework of substantive rights or remedies." *Shady Grove*, 559 U.S. at 433-35 (Stevens, J., concurring). In contrast, the *Hine* Court determined that the legislative history of § 4111.10(C) was "unhelpful" to the REA analysis. *See Hine*, 2023 WL 5599, at *6 n. 10. This Court agrees, and notes that Plaintiff has not provided any substantive legislative history of § 4111.10(C) to impact the REA analysis.

6

Plaintiff solely points to § 4111.10(C)'s Local Impact Statement, written by a senior budget analyst, to argue that § 4111.10(C) is purely procedural. (*See* Response in Opp., Doc. 8, Pg. ID 60-61; Impact Statement, Doc. 8-1, Pg. ID 69-70.) Plaintiff primarily quotes one portion of this document, in which the analyst notes that § 4111.10(C) is a "procedural change" that will impact "the size, and potentially, the complexity and outcome of [OMWFSA] cases." (*Id.*) But, this limited evidence does not show that the Ohio Legislature was solely considering procedure—and not a limitation on the OMFWSA's rights or remedies—when crafting § 4111.10(C). *Cf. Shady Grove*, 559 U.S. at 434-35. Thus, Plaintiff's first argument is not well taken.

Next, Plaintiff maintains that the *Hine* Court gave too much weight to the location of and limitations on § 4111.10(C). (Response in Opp., Doc. 8, Pg. ID 61-62.) To be sure, Justice Stevens does not place particular emphasis on the textual location of the relevant state procedural rule. *Shady Grove*, 559 U.S. at 416 (Stevens, J., concurring) (simply noting that the state procedural rule was "not part of [the state's] substantive law"). Still, while the location of § 4111.10(C) may not be dispositive, courts have often found the location of a state's procedural rule relevant for REA purposes. *See, e.g., Roberts v. C.R. England, Inc.*, 321 F. Supp. 3d 1251, 1258 (D. Utah 2018); *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 416 (S.D.N.Y.2011) (The relevant state procedural rule was "not contained in a generally applicable procedural rule but, rather, in the same paragraph of the same statute that create[d] the underlying substantive right."). Thus, the *Hine* Court appropriately considered the location of § 4111.10(C) in its REA analysis.

Further, the limitations on a state's procedural rule are paramount to the REA

7

analysis. The procedural rule in *Shady Grove* applied not only to the specific state's law, but also federal law and the laws of every other state. *Shady Grove*, 559 U.S. at 432 (Stevens, J., concurring). In considering this factor, Justice Stevens noted that it was "hard to see how [the state procedural rule] could be understood as a rule that, though procedural in form, serve[d] the function of defining [the state's] rights or remedies." *Id*. In contrast, § 4111.10(C) applies only to OMFWSA overtime claims. Ohio Rev. Code § 4111.10(C). This limited applicability suggests that § 4111.10(C) is intended to solely impact the rights and remedies available under the OMFWSA's overtime provision. Thus, the *Hine* Court properly considered the location and limitation of § 4111.10(C) and Plaintiff's argument is not well taken.

Third, Plaintiff argues that, regardless of the factors considered by *Hine*, § 4111.10(C) is not, in and of itself, a substantive right. (Response in Opp., Doc. 8, Pg. ID 62-63.) But, the question is not whether the procedural rule itself is a substantive right. Rather, the inquiry is whether the procedural rule "is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." *Shady Grove*, 559 U.S. at 423 (Stevens, J., concurring). And, as this Court has previously found, § 4111.10(C) "defines the scope of remedies available for the substantive rights" of the OMFWSA's overtime provision. *Hine*, 2023 WL 5599, at *6. Thus, Plaintiff's third argument is not well taken.

Fourth, Plaintiff argues that the *Hine* Court should not have considered forum-shopping in its REA analysis. (Response in Opp., Doc. 8, Pg. ID 64-65.) Justice Stevens explicitly notes that forum-shopping is not an appropriate consideration for determining

8

a REA problem. *Shady Grove*, 559 U.S. at 435-36 (Stevens, J., concurring). But, the *Hine* Court did not consider forum-shopping in its REA analysis. *See Hine*, 2023 WL 5599666, at *6. Rather, after concluding that Federal Rule 23 violates the REA when applied against § 4111.10(C), the *Hine* Court noted the "absurd" forum-shopping results that would occur if the Court were to hold otherwise. *See id.* ("[A] contrary conclusion here would permit a plaintiff to circumvent the plain restrictions in both the FLSA and Ohio law by simply bringing the Ohio overtime claim in federal court."). Thus, forum-shopping had no impact on the *Hine* Court's REA analysis and Plaintiff's argument is not well taken.

Finally, Plaintiff argues that, taken as a whole, the Court's analysis in *Hine* fails to meet the "high bar" for finding a REA problem. (Response in Opp., Doc. 8, Pg. ID 66-67.) The Court disagrees. *Shady Grove* established that "[w]hen a [s]tate chooses to use traditionally procedural vehicle as a means of defining the scope of substantive rights or remedies, federal courts must recognize and respect that choice." *Shady Grove*, 559 U.S. at 420 (Stevens, J., concurring). Section 4111.10(C) does just that. Section 4111.10(C) provides that an employee's claim can be litigated only when that employee first consents in writing to be bound by the lawsuit. In turn, employers have a right to not be sued in representative actions absent each plaintiff-employee's consent. This procedure impacts the remedies that an employer may be liable for. Thus, the "high bar" of the REA analysis has been met and the *Hine* Court properly found that Federal Rule 23 violated the REA when applied against § 4111.10(C).

Plaintiff cites to a handful of cases to argue that Federal Rule 23 does not violate the REA when applied against § 4111.10(C), but those cases are not on point. (*See*

9

Response in Opp., Doc. 8, Pg. ID 54-59.) Unlike *Hine*, most of the cases cited by Plaintiff are from courts outside of this district and concern different states' opt-in procedural rules. (*See id.*) In contrast, *Hine* was decided by this Court and concerns the exact rule in question, § 4111.10(C). *See Hine*, 2023 WL 5599666.

Plaintiff notified the Court of two cases that found that Federal Rule 23 did not violate the REA when applied against § 4111.10(C), but these cases fail to sway this Court to abandon *Hine*. (*See* Notice, Doc. 10-1.) In the first case, *Jessica Heppard v. Dunham's Athleisure Corp.*, the Eastern District of Michigan declined to follow *Hine* or consider the REA factors laid out by *Shady Grove*, finding that doing so would require a court to hold that "a state law [was] procedural only if it precisely matche[d] the characteristics of *Shady Grove*'s [state] law." (*See Heppard v. Dunham's Athleisure Corp.*, No. 23-cv-10834, at *5 (E.D. Mich. Dec. 8, 2023); Doc. 10-1, Pg. ID 103.) But, for years, courts have applied *Shady Grove*'s REA analysis without issue, reaching different outcomes depending on the different procedural rules being considered. *See, e.g., Roberts v. C.R. England, Inc.*, 321 F. Supp. 3d 1251, 1257–59 (D. Utah 2018) (finding state's opt-in provision procedural); *Driscoll v. George Washington Univ.*, 42 F. Supp. 3d 52, 62 (D.D.C. 2012) (finding state's opt-in provision substantive). The Court, therefore, disagrees with *Heppard* and finds that the *Hine* Court appropriately applied the REA analysis laid out in *Shady Grove*.

In the second case cited by Plaintiff, *Benjamin Marcy v. Select Med. Corp.*, the Middle District of Pennsylvania also found that § 4111.10(C) was procedural for REA purposes. In reaching this conclusion, the *Marcy* Court declined to follow *Hine* and instead relied on a Third Circuit Court of Appeals decision that explicitly found the FLSA's "opt-in"

10

mechanism procedural. (*Marcy v. Select Med. Corp.*, No. 1:23-cv-469, at *1 (M.D. Pa. Dec. 6, 2023); Doc. 10-1, Pg. ID 116.) But, this Court is not bound by that Third Circuit holding. In turn, the Court need not follow the analysis laid out in *Marcy*. The cases cited by Plaintiff are therefore not persuasive.

Thus, the Court concurs with *Hine* and finds that permitting a Federal Rule 23 class to proceed under Plaintiff's OMFWSA's overtime claim would violate the REA. Section 4111.10(C) defines the scope of remedies available for the substantive rights of the OMFWSA's overtime provision. Applying a Federal Rule 23 class action to Plaintiff's OMFWSA claims would "abridge, enlarge, or modify a state-created right or remedy." *Shady Grove*, 559 U.S. at 422 (Stevens, J., concurring). In turn, permitting a Federal Rule 23 class action brought under the OMFWSA's overtime provision to proceed would violate the REA.

## II. Striking Federal Rule 23 Allegations

The Court now returns its attention to Defendant's Motion to Strike (Doc. 5). As noted above, Defendant requests that this Court strike Plaintiff's Rule 23 class allegations brought in relation to her OMFWSA claim. (*See* Motion to Strike, Doc. 5.) In her Complaint, Plaintiff presents an entire section dedicated to allegations outlining a Rule 23 class to be brought under her OMFWSA overtime claim. (*See* Compl., Doc. 1, ¶¶ 52-60.) But, as detailed above, a Federal Rule 23 class cannot proceed on Plaintiff's OMFWSA claim. Consequentially, Plaintiff's allegations relating to a Federal Rule 23 class brought under the OMFWSA are immaterial, impertinent, and should be stricken.

## CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

1. Defendant's Motion to Strike Rule 23 Allegations (Doc. 5) is **GRANTED**; and

2. Paragraphs 52 through 60 of Plaintiff's Complaint (Doc. 1) are hereby **STRICKEN**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND
